UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>Cosi, Inc.,<br><br>    Debtor. | Chapter 11<br>Case No. 16- 13704 |
| In re:<br><br>Xando Cosi of Maryland, Inc.,<br><br>    Debtor. | Chapter 11<br>Case No. 16- 13706 |
| In re:<br><br>Cosi Sandwich Bar, Inc.,<br><br>    Debtor. | Chapter 11<br>Case No. 16- 13705 |
| In re:<br><br>Hearthstone Associates, LLC,<br><br>    Debtor. | Chapter 11<br>Case No. 16- 13707 |
| In re:<br><br>Hearthstone Partners, LLC,<br><br>    Debtor. | Chapter 11<br>Case No. 16- 13708 |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND FOR
EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES
<u>AND STATEMENTS OF FINANCIAL AFFAIRS</u>[1]**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Cosi, Inc. (3745), Xando Cosi of Maryland, Inc. (2196), Cosi Sandwich Bar, Inc. (0910), Hearthstone Associates, LLC (6267), and Hearthstone Partners, LLC (9433). The Debtors' corporate offices are located at 294 Washington Street, Suite 510, Boston, MA 02108.

Client Matter/27288/1/A3461116.DOC

Cosi, Inc. ("COSI"), Xando Cosi of Maryland, Inc. ("Xando"), Cosi Sandwich Bar, Inc. ("CSB"), Hearthstone Associates, LLC ("HALLC"), and Hearthstone Partners, LLC ("HPLLC"; collectively with COSI, Xando, CSB, and HALLC, the "Debtors"), hereby submit this motion (the "Motion") pursuant to sections 105 and 527 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1 and 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules") for entry of an Order substantially in the form submitted herewith as **Exhibit A** ordering the joint administration of the Debtors' chapter 11 cases and authorizing an extension of time by sixteen (16) days to October 28, 2016 to file the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (the "Schedules"). In support of this Motion, the Debtors rely on the *Declaration of Patrick Bennett, Interim CEO and President of the Debtors, in Support of Chapter 11 Petition and First Day Pleadings* (the "Bennett Declaration") and the *Declaration of Edward Schatz, The O'Connor Group, Inc., Acting Chief Financial Officer of the Debtors, in Support of Chapter 11 Petition and First Day Pleadings* (the "Schatz Declaration"; together with the Bennett Declaration, the "First Day Declarations"), and respectfully represent and set forth as follows:

## Jurisdiction and Venue

1.    The United States Bankruptcy Court for the District of Massachusetts (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief sought herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 1015(b), and Local Rules 1007-1 and 1015-1.

## General Background

3. On the date hereof (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.

4. The Debtors continue to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, no trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

5. COSI is an international fast-casual restaurant company featuring its crackly-crust flatbread made fresh throughout the day and specializing in a variety of made-to-order hot and cold sandwiches, salads, bowls, breakfast wraps, "Squagels®" (square bagels), melts, soups, flatbread pizzas, S'mores, snacks, desserts, and a large offering of handcrafted, coffee-based, and specialty beverages.

6. The Debtors' corporate offices are located in Boston, Massachusetts.

7. Prior to the Petition Date, there were approximately 107 COSI restaurants operating in the United States, the United Arab Emirates, and Costa Rica. Of the total restaurants, 72 locations were company-owned, while the remaining 35 locations were franchise-owned.

8. Also prior to the Petition Date, the Debtors employed approximately 1,555 people, 82% of whom worked on a part-time basis. As of the end of the Company's fiscal second quarter of 2016 (i.e., as of June 27, 2016), the Debtors had consolidated net sales for that quarter of $22.3 million, with net losses of approximately $3.1 million and cash on hand of approximately $3 million. Since the close of the Company's fiscal second quarter of 2016, sales have deteriorated further, losses have increased, and cash on hand has decreased to approximately $950,000 in the main operating account as of the Petition Date.

9. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declarations, filed contemporaneously herewith and incorporated herein by reference.

10. Given the effort required to prepare for and conduct these Chapter 11 Cases on an expedited basis, the Debtors will not be in a position to accurately complete their Schedules within the deadlines mandated by the Bankruptcy Rules and Local Rules. As described in the First Day Declarations, the Debtors' immediate objectives in these Chapter 11 Cases require ensuring that the Debtors have the Court authority necessary to continue operating at the majority of their locations. Accordingly, the Debtors anticipate that they will need additional time to accurately prepare their Schedules.

## Relief Requested

11. Through this Motion, the Debtors request that the Court enter an order, substantially in the form attached hereto, directing joint administration of the Chapter 11 Cases.

12. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the one for Cosi, Inc.

13. The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(EASTERN DIVISION)**

| | |
|---|---|
| In re:<br><br>**COSI, INC.,** *et al.*,<br><br>**Debtors.** | Chapter 11<br><br>Case No. 16- *13704*<br><br>**(Jointly Administered)** |

4

14. Additionally, the Debtors seek the Court's direction that separate docket entries be made on the dockets of the other Debtors' Chapter 11 bankruptcy cases, substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Cosi, Inc., Xando Cosi of Maryland, Inc., Cosi Sandwich Bar, Inc., Hearthstone Associates, LLC, and Hearthstone Partners, LLC, which have concurrently commenced Chapter 11 cases. The docket in the Chapter 11 case of Cosi, Inc., Case No. 16-_13704_ ( ) should be consulted for all matters affecting this case.

15. The Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim against the particular Debtor which such claim is asserted, and not against the Debtors collectively in these jointly administered cases.

16. In addition, the Debtors seek authority to file the Debtors' monthly operating reports on a consolidated basis if the Debtors determine, after consultation with the United States Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

17. Finally, the Debtors request that the Court enter an order extending the deadline to file the Schedules by sixteen (16) days to October 28, 2016, without prejudice to the Debtors' ability to request additional time should it become necessary.

## Basis for Relief Requested

### A. Request for Joint Administration of Debtors' Cases.

18. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides that an order of

joint administration may be entered where it is established that joint administration is "likely to ease the administrative burden on the parties and the Court." MLBR 1015-1(a)(3).

19. In these Chapter 11 Cases, Xando, CSB, HALLC, and HPLLC are all owned directly or indirectly by COSI. The Debtors, therefore, are "affiliates" within the meaning of Section 101(2) of the Bankruptcy Code, and, accordingly, the Court has authority to grant the relief requested herein.

20. In addition, the Debtors operate on a fully consolidated basis. Sales revenue received by all Debtors ultimately flows into a joint operating account and operating expenses are paid from that joint operating account. Similarly, payroll for all employees is paid from a consolidated payroll account.

21. At this time, the Debtors request joint administration of these cases and, at a later date, will consider whether full consolidation is appropriate and, if so, will seek relief at that time.

22. The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to utilize a single general docket and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings, and orders in these cases will affect all Debtors. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in the Chapter 11 Cases. Joint administration will also enable parties in interest in each of the Chapter 11 Cases to be apprised of the various matters before the Court in all of the cases.

23. The entry of an order of joint administration will significantly reduce the volume of paper and electronic filings that otherwise would be filed or made with the Clerk of the Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will simplify supervision of the

6

administrative aspects of these cases by the Office of the United States Trustee. Accordingly, the relief requested is warranted and will ease the administrative burden for the Court and the parties.

24. The Debtors are unaware of any actual or potential conflicts of interest that the joint administration of these Chapter 11 Cases would cause.

25. The entry of joint administration orders in multiple related cases such as these is common in this jurisdiction and elsewhere. See, e.g., In re Hemingway Transp., Inc., 954 F .2d 1, 3 (1st Cir. 1992); In re Mahfouz, 529 B.R. 431, 435 (Bankr. D. Mass. 2015); In re GlycoGenesys, Inc., 352 B.R. 568, 570 (Bankr. D. Mass. 2006).

26. For the foregoing reasons, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases for procedural purposes.

**B.     Extension of Time to File Schedules and Statements of Financial Affairs.**

27. Next, Local Rule 1007-1(g) provides that "[u]pon the filing of a motion prior to the expiration of the filing deadlines, and upon a showing of good cause, a debtor may seek one or more extensions of the filing deadlines provided that the debtor state the date the petition was filed, the time requested and provide proof of service on the United States trustee and any appointed trustee, committee elected under § 705 or appointed under § 1102 of the Code, and any other party as the Court may direct." MLBR 1007-1(g); see also 11 U.S.C. § 521; Fed. R. Bankr. P. 1007.

28. The Debtors submit that cause exists in this case, warranting the brief extension requested. As described in the First Day Declarations, given the effort to prepare for and conduct these Chapter 11 Cases on an expedited basis, the Debtors will not be in a position to accurately complete their Schedules within the deadlines allowed for by the Bankruptcy Rules and Local Rules. The Debtors, their external advisors, and their proposed counsel require additional time to

7

review the Debtors' books and records to file accurate and comprehensive Schedules. This work will require substantial time and effort on the part of the Debtors' employees and advisors. Accordingly, the Debtors anticipate that they will need additional time to accurately prepare the Schedules, and respectfully request a sixteen-day extension of time, to October 28, 2016, to file the Schedules.

29. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other interested parties. Therefore, the Debtors' Motion should be granted.

## Notice

30. Pursuant to Local Rule 1015-1(a)(3), the Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Massachusetts; (b) the creditors holding the twenty (20) largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the known creditors with purported secured claims against the Debtors' estates; (d) counsel to the Senior Secured Lenders (as defined in the First Day Declarations); and (e) any party which has filed, prior to the date of filing this Motion, a request for service of pleadings in this case. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## No Prior Request

31. No prior motion for the relief requested herein has been filed in this or any other Court.

WHEREFORE, for the reasons set forth herein and in the First Day Declarations, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**: (i) directing joint administration of these Chapter 11 Cases for procedural

purposes only; (ii) extending the deadline for the Debtors to file the Schedules by sixteen (16) days to October 28, 2016; and (iii) granting any other and further relief that the Court deems just and proper.

        Respectfully submitted,

        **COSI, INC., XANDO COSI OF MARYLAND, INC., COSI SANDWICH BAR, INC., HEARTHSTONE ASSOCIATES, LLC, AND HEARTHSTONE PARTNERS, LLC**

        By their proposed counsel,

        /s/ Christine E. Devine
        Joseph H. Baldiga, BBO # 549963
        Christine E. Devine, BBO #566990
        Kate P. Foley, BBO #682548
        Mirick, O'Connell, DeMallie & Lougee, LLP
        1800 West Park Drive, Suite 400
        Westborough, MA 01581-3926
        Phone: (508) 898-1501
        Fax:   (508) 898-1502
        Email: bankrupt@mirickoconnell.com
        Email: cdevine@mirickoconnell.com

Dated: September 28, 2016        Email: kfoley@mirickoconnell.com

Client Matter/27288/1/A3461116.DOC

# EXHIBIT A

**Proposed Order**

Client Matter/27288/1/A3461116.DOC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>Cosi, Inc.,<br><br>Debtor. | Chapter 11<br>Case No. 16- 13704 |
| In re:<br><br>Xando Cosi of Maryland, Inc.,<br><br>Debtor. | Chapter 11<br>Case No. 16- 13706 |
| In re:<br><br>Cosi Sandwich Bar, Inc.,<br><br>Debtor. | Chapter 11<br>Case No. 16- 13705 |
| In re:<br><br>Hearthstone Associates, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 16- 13707 |
| In re:<br><br>Hearthstone Partners, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 16- 13708 |

**ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND FOR EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS[1]**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Cosi, Inc. (3745), Xando Cosi of Maryland, Inc. (2196), Cosi Sandwich Bar, Inc. (0910), Hearthstone Associates, LLC (6267), and Hearthstone Partners, LLC (9433). The Debtors' corporate offices are located at 294 Washington Street, Suite 510, Boston, MA 02108.

Upon the *Motion of the Debtors for Entry of an Order Directing the Joint Administration of Related Chapter 11 Cases and for Extension of Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Motion")[2] and upon the First Day Declarations; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates; and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Effective as of _____, 2016, the Debtors' Chapter 11 Cases shall be: (a) jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1; and (b) consolidated for procedural purposes.

3. The Clerk of the Court shall maintain one file and one docket for all of the Debtors' Chapter 11 Cases, which file and docket shall be the file and docket for the Chapter 11 case of Debtor Cosi, Inc., Case No. 16-*13704* (___).

---

[2]  All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

2

Client Matter/27288/1/A3461116.DOC

4. The pleadings filed in Debtors' Chapter 11 Cases shall bear a consolidated caption in the following form:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>COSI, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-13704<br><br>(Jointly Administered) |

5. The Clerk of the Court shall make separate docket entries on the dockets of the chapter 11 cases of Xando Cosi of Maryland, Inc., Cosi Sandwich Bar, Inc., Hearthstone Associates, LLC, and Hearthstone Partners, LLC, as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Cosi, Inc., Xando Cosi of Maryland, Inc., Cosi Sandwich Bar, Inc., Hearthstone Associates, LLC, and Hearthstone Partners, LLC, which have concurrently commenced Chapter 11 cases. The docket in the Chapter 11 case of Cosi, Inc., Case No. 16-13704 ( ) should be consulted for all matters affecting this case.

6. Any creditor filing a proof of claim against any of the Debtors shall file such proof of claim in the Chapter 11 Case of the Debtor against which it holds such claim and not against the Debtors collectively in the jointly administered cases.

7. The deadline for the Debtors to file the Schedules pursuant to Bankruptcy Rule 1007 shall be extended by sixteen (16) days to October 28, 2016.

8. This Order is subject to reconsideration in accordance with MLBR 1015-1(d).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Cosi, Inc. (3745), Xando Cosi of Maryland, Inc. (2196), Cosi Sandwich Bar, Inc. (0910), Hearthstone Associates, LLC (6267), and Hearthstone Partners, LLC (9433). The Debtors' corporate offices are located at 294 Washington Street, Suite 510, Boston, MA 02108.

Client Matter/27288/1/A3461116.DOC

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

_____
Honorable _____
United States Bankruptcy Judge

Dated: _____, 2016

4